UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
RIENZI & SONS, INC.,                          :
                                              :
        Plaintiff-Counterclaim Defendant,  :
                                              :    **MEMORANDUM AND ORDER**
        -against-                        :    08-CV-2540 (DLI)(JMA)
                                              :
N. PUGLISI & F. INDUSTRIA PASTE               :
ALIMENTARI S.P.A. and FRANCESCO PULEJO,       :
                                              :
        Defendant-Counterclaim Plaintiff. :
                                              :
------------------------------------------------------------------- x

**DORA L. IRIZARRY, United States District Judge:**

      Defendant-Counterclaim Plaintiff N. Puglisi & F. Industria Paste Alientari S.P.A. ("Puglisi") brings this motion, pursuant to Fed. R. Civ. P. 72(a), to set aside or modify two decisions by Magistrate Judge Joan M. Azrack. The first decision, dated July 8, 2010, precluded Puglisi from asserting supplemental damages. The second decision, dated July 20, 2010, denied Puglisi's request to preclude Plaintiff-Counterclaim Defendant Rienzi & Sons, Inc. ("Rienzi") from asserting supplemental damages. For the reasons set forth below, Puglisi's motion to set aside or modify the magistrate's decisions is denied.

BACKGROUND

**1.    PUGLISI'S SUPPLEMENTAL DISCLOSURE**

      On August 1, 2008, pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties submitted a joint Rule 26 Report. In the Report, Puglisi disclosed the computation of damages for Rienzi's breach of contract as €1,121,481.40, plus interest. This amount remained the same in (1) the Puglisi's Answer to the Complaint with Counterclaim, filed August 4, 2008, (2) its Answer to the Amended Complaint with Counterclaim, filed September 29, 2008, (3) its Proposed Amended Answer to the Amended Complaint with Counterclaim, filed December 23,

1

2009, and (4) its Amended Answer to the Amended Complaint with Counterclaim, filed June 2, 2010.

Nevertheless, on the eve of trial, Puglisi attempted to amend the computation with a supplemental disclosure listing damages that arose from filing for bankruptcy in Italy and liquidating the company's assets. Rienzi objected to the admission of the supplemental damages. In an Order dated July 8, the magistrate judge held that Puglisi failed to comply with Rule 26, and thus, pursuant to Rule 37, Puglisi was precluded from amending the initial disclosure of the computation of damages with the supplemental disclosure. (Order dated July 8, 2010, Docket Entry 53.)

**2.    RIENZI'S SUPPLEMENTAL DISCLOSURE**

In response to the magistrate judge's order precluding Puglisi from supplementing its damages, Puglisi requested that Rienzi also be precluded from asserting its supplemental damages.

The history of Rienzi's assertion of damages is as follows. On September 10, 2008, Rienzi filed its amended complaint, alleging that it agreed to advance funds that were needed to pay for Puglisi's defense of a United States Department of Commerce anti-dumping and countervailing duty investigation. The amended complaint further alleged that, as long as Puglisi continued to provide pasta products to Rienzi, Puglisi would reimburse Rienzi one-half of the legal expenses incurred with regard to the investigation. In the event that Puglisi stopped providing Rienzi with pasta products, Puglisi would reimburse Rienzi the full amount of the legal fees expended by Rienzi on Puglisi's behalf. The complaint further alleged that, during the investigation, Rienzi paid approximately $2,000,000.00 towards Puglisi's defense of the anti-

dumping and countervailing duty investigation. The complaint further asserted that Rienzi paid approximately $30,000 in costs, including attorney and consulting fees.

On November 10, 2008, Rienzi provided an interrogatory response to Puglisi. In the document, Rienzi stated that $1,000,000 or more in damages were owed because of legal fees paid on behalf of Puglisi. It also stated that it incurred $30,000 in costs, including attorney and consulting fees, for an additional attempt to have the countervailing duty reduced. On November 10, 2008, Rienzi also provided an invoice supporting the $30,000 in costs, including attorney and consulting fees, for an additional attempt to have the countervailing duty reduced. (Pl. Mem. Ex. 10.)

On November 18, 2008,[1] Rienzi delivered to Puglisi's attorney documentation supporting the legal fees incurred. Although the documents provided listed the amounts due, Rienzi did not provide a summation of the total amount due. (Pl. Mem. 10 & Ex. 7.) However, a review of the supporting documentation demonstrates that the sum of the amounts owed was $2,495,000. (*Id.*)

On July 1, 2010, Rienzi filed a second supplemental disclosure. (Pl. Mem. Ex. 8.) The supplemental disclosure stated that "Rienzi suffered damages as a result of Defendants' breach of contract and breach of joint venture . . . in the approximate amount of $2,525,000, representing legal fees paid by Rienzi, less amounts totaling approximately $1,000,000 (which represent approximately the amount of legal fees which were excused from payment), leaving an amount unpaid of approximately $1,525,000." (Pl. Mem. Ex. 8.) The chart of damages provided

---

[1] At various points throughout their brief, plaintiff refers to the date on which it provided documents to the defendant. It states it was November 18, 2008 (Mem. at 11), November 18, 2009 (Mem. at 10), and November 18, 2010 (Mem. at 11). Based on the documentation, it appears that counsel intended to state November 18, 2008. Similarly, plaintiff refers at one point to Exhibit 6, when it appears that it intended to refer to Exhibit 7. (*See* Mem. 11.) The court cautions counsel to be more careful when drafting memoranda of law, particularly when referencing pertinent facts and exhibits.

on November 18, 2008 is nearly the same as the chart provided on July 1, 2010. The only difference is that the July 1, 2010 chart included the additional $30,000, and provided the total of $2,525,000. (*Compare* Pl. Mem. Ex 7, *with* Pl. Mem. Ex. 8.)

On July 20, 2010, Puglisi requested that the court preclude Rienzi from submitting the supplemental damages. The magistrate judge denied Puglisi's request, stating that "Defendant-Counterclaim Plaintiffs had notice of the greater-than-anticipated legal representation and defense costs arising from the USDOC investigation and ample time to pursue any additional discovery." (*See* Order dated July 20, 2010.)

Puglisi has now moved to set aside both of the magistrate's orders.

## STANDARD OF REVIEW

The parties dispute the appropriate standard of review. It is clear that, "[a]s to a nondispositive matter, '[t]he district judge in the case must consider timely objections and modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law.' As to a dispositive matter, any part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge *de novo*." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) (quoting Fed. R. Civ. P. 72(a)).

Puglisi argues that the magistrate judge's ruling precludes it from recovering consequential damages, and is thus dispositive and subject to *de novo* review. (Def. Obj. 11.) Rienzi replies in a conclusory fashion, without directly addressing Puglisi's arguments or case law, that it "knows of no reason why the clearly erroneous or contrary to law standard should not be followed." (Pl. Opp. 15.)

There is clearly some support for the assertion that a magistrate judge's decision limiting the damages that a party may recover should be reviewed *de novo*. *See, e.g.*, *Cohen v. City of*

4

*New York*, 2007 WL 2789272, at *3 (S.D.N.Y. Sept. 25, 2007). Nevertheless, the court need not decide this issue because, under either standard of review, the magistrate judge's decisions should not be set aside and are adopted in full.

## DISCUSSION

### 1. PUGLISI'S SUPPLEMENTAL DAMAGES

Puglisi has failed to comply with Rule 26's disclosure requirements. First, Puglisi's disclosure is untimely. Pursuant to Rule 26 of the Federal Rules of Civil Procedure, a party must disclose the computation of damages at or within fourteen days after the parties' Rule 26(f) conference. Fed. R. Civ. P. 26(a)(1)(A)(iii). The parties conferred on July 21, 2008, and drafted a Rule 26(f) Report. In the report, Puglisi asserted only a breach of contract claim and sought €1,121,481.40 in damages as a result of Rienzi's failure to pay for pasta that Rienzi ordered from Puglisi. The Rule 26(f) conference occurred on September 3, 2008, and the magistrate judge approved the parties' discovery schedule. Puglisi disclosed its computation four times after the conference, and each time it disclosed the same computation and the same amount in damages.

Nevertheless, 672 days after the Rule 26(f) conference, Puglisi attempted to disclose supplemental damages relating to the liquidation proceedings. Puglisi argues that its supplemental disclosure concerning the consequential damages was delayed because the computation of damages was not available until the liquidation proceeding concluded. Puglisi further argues that its witness speaks only Italian and that virtually all of its documents are in Italian. (Def. Obj. 14.) However, these excuses do not explain why Puglisi did not inform Rienzi that it would seek this type of damages, even if a definite figure was not available. Indeed, Puglisi never identified this category of damages in its initial disclosure. *See, e.g., Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295-96 (2d Cir. 2006) (noting that the failure to

5

identify a category of damages that differs from the damages previously sought violates Rule 26); *Austrian Airlines Oesterreichische Lufverkehrs Ag v. UT Finance Corp.*, 2005 WL 977850, at *2 (S.D.N.Y. 2005) (even if plaintiff could not calculate its damages at the time of its initial disclosure "there is no reason that it did not disclose its currency conversion damage *theory*") (emphasis in original).

Second, Puglisi's disclosure is also void of any evidentiary material on which the computation is based. Puglisi asserts that the amounts it is seeking as a result of the liquidation, but fails to provide any factual basis for the assertion. Puglisi argues that all documents that would be used to support the supplemental damages claims had already been produced. (Obj. 9.) However, although Puglisi has produced documents it believes in necessary to support its claim, Rienzi is entitled to investigate the claim in order to defend itself. This investigation may require further proof than Puglisi has put forth.

Under Rule 37(c)(1) of the Federal Rules, a party that does not disclose information as required by Rule 26(a) may not offer the information as evidence unless its "failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). Rule 37(c)(1) is designed to prevent the "sandbagging" of an opposing party with new evidence. *Fleming v. Verizon N.Y., Inc.*, 2006 WL 2709766, at *7 (S.D.N.Y. Sept. 22, 2006); *Ventra v. United States*, 121 F. Supp. 2d 326, 332 (S.D.N.Y.2000); *see also CSC Holdings, Inc. v. Berube*, 2004 WL 3541331, at *3 (E.D.N.Y. July 7, 2004) (Rule 37(c)(1) is designed to avoid "gamesmanship" and "to provide a strong inducement for disclosure of Rule 26(a) material") (internal quotation marks and citation omitted).

Despite the mandatory language of Rule 37(c)(1), however, the Second Circuit has held that preclusion is a discretionary remedy, even if "the trial court finds that there is no substantial

justification and the failure to disclose is not harmless." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297 (2d Cir.2006). In deciding whether to exercise its discretion to exclude the offering document, the court should consider (1) the party's explanation for its failure to comply with the disclosure requirement, (2) the importance of the testimony of the precluded witness, (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony, and (4) the possibility of a continuance. *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir.2006).

Here, Puglisi's only explanations for the failure to comply with the disclosure requirement are the fact that the computation of damages was not available until the liquidation proceeding concluded and that the relevant documents are in Italian. However, as noted above, these excuses do not explain why Puglisi did not inform Rienzi that it would seek this type of damages, even if a definite figure was not available.

The prejudice to Rienzi is particularly great because discovery is closed and would have to be reopened for Rienzi to appropriately respond to the damages calculations. *See, e.g.*, *Design Strategy,* 469 F.3d at 296 ("The prejudice to the defendants in having to prepare for this evidence would have been severe, as discovery would have had to be reopened to determine whether Design's calculations were proper."); *Spotnana, Inc. v. American Talent Agency, Inc.*, 2010 WL 3341837, at *2 (S.D.N.Y. Aug. 17, 2010) ("The prejudice to Spotnana is particularly great because discovery, which closed over four months ago, would have to be reopened for Spotnana appropriately to respond to ATA's damages calculations.").

Moreover, the closure of discovery also "weighs strongly against the possibility of a continuance." *Spotnana*, 2010 WL 3341837, at *2; *see also Design*, 469 F.3d at 296 ("[W]eighing heavily on both the prejudice and possibility of continuance factors was the fact

7

that discovery had been closed . . . there was only a 'short time left before trial.'"). Although a continuance is possible because no trial date has been set, the trial has been delayed only because of this motion. Precluding Puglisis' expert would only seek to prolong this action, filed almost three years ago. *See Softel, Inc. v. Dragon Medical and Scientific Communications, Inc*., 118 F.3d 955, 962-63 (2d Cir. 1997).

Because Puglisi has disregarded its discovery obligations without a sufficient explanation, these three factors outweigh the importance of the damages evidence, even though Puglisi may be denied any recovery under this theory as a result. *Design*, 469 F.3d at 296 ("Although the second *Patterson* factor favors Design because Design's evidence of lost profits was essential to proving these damages, all of the other factors weigh heavily in favor of exclusion."); *Spotnana*, 2010 WL 3341837, at *2 (even if the damages evidence is important to defendant, the other three factors outweigh such importance); *see also 24/7 Records, Inc. v. Sony Music Entm't, Inc*., 566 F. Supp. 2d 305, 318 (S.D.N.Y.2008) (theory of damages precluded because plaintiff failed to make mandatory initial disclosure); *Austrian Airlines Oesterreichische Lufverkehrs Ag v. UT Finance Corp*., 2005 WL 977850, at *2 (S.D.N.Y. Apr. 28, 2005) ("The Court will not allow plaintiff Austrian Airlines to assert this new, additional damage theory at the eleventh hour."). Accordingly, Puglisi is precluded from supplementing its damages.

**2.  RIENZI'S SUPPLEMENTAL DAMAGES**

Puglisi also argues that, if its supplemental damages are precluded, Rienzi's supplemental damages should also be precluded. Puglisi argues that the supplemental disclosure increased the legal fees Rienzi is seeking. However, the supplemental disclosure merely provided a summary of documents previously provided to Puglisi. Indeed, Rienzi had previously provided Puglisi with all of the supporting documentation for the damages sought.

Although Rienzi should have provided its computation of damages earlier, sanctions are not warranted under the four factors set forth in *Patterson v. Balsamico*, 440 F.3d 104 (2d Cir. 2006). Despite the fact that Rienzi has not explained why it waited so many months to provide the calculation of the sum, Rienzi's damages are an important part of its case. Moreover, Puglisi is not prejudiced by having to meet the supplemental disclosure because it had all of the supporting documentation prior to the supplemental disclosure. Therefore, Puglisi had ample opportunity to review and investigate the alleged damages. Finally, because Puglisi had all of the documentation, there is no need for a continuance.

In sum, Rienzi is permitted to supplement its damages to provide the sum of its previously provided damages calculation.

## CONCLUSION

For the reasons set forth above, Puglisi's motion to set aside or modify two decisions by the magistrate judge is denied.

SO ORDERED.

Dated: Brooklyn, New York
      March 30, 2011

/s/
DORA L. IRIZARRY
United States District Judge