UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
RIENZI & SONS, INC.,                                           :
                                                               :
      Plaintiff, Counterclaim-Defendant,            :
                                                               :    **SUMMARY ORDER**
      -against-                                         :    08-CV-2540 (DLI) (JMA)
                                                               :
N. PUGLISI & F. INDUSTRIA PASTE                                :
ALIMENTARI S.P.A. and FRANCESCO PULEJO,                        :
                                                               :
      Defendants, Counterclaim-Plaintiffs.               :
---------------------------------------------------------------- x

**DORA L. IRIZARRY, United States District Judge:**

Plaintiff Rienzi & Sons, Inc. ("Rienzi") seeks reconsideration of this Court's May 16, 2013 Opinion and Order, (Opinion and Order, Doc. Entry No. 75), granting summary judgment in favor of defendants. (*See* Plaintiff's Motion for Reconsideration ("Pl's Mot. for Recon."), Doc. Entry No. 76.) Defendant N. Puglisi & F. Industria Paste Alimentari S.P.A. ("Puglisi") opposes the motion, contending that plaintiff's arguments to overturn the Court's grant of summary judgment lack merit. (*See* Defendant's Opposition to Reconsideration, Doc. Entry No. 77.) For the reasons set forth below, plaintiff's motion for reconsideration is denied.

## **DISCUSSION**[1]

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transport, Inc.*, 70 F. 3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest

---

[1]     The Court assumes familiarity with the facts of this case. For a detailed discussion of the underlying facts and issues, see the May 16, 2013 Opinion and Order.

injustice." *Hinds County, Miss. v. Wachovia Bank N.A.*, 708 F. Supp. 2d 348, 369 (S.D.N.Y. 2010) (citation and internal quotation marks omitted); *see Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013). Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the court in deciding the original motion. *Hinds County, Miss.*, 708 F. Supp. 2d at 369; *United States v. Gross*, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002). Nor is it proper to raise new arguments and issues. *Gross*, 2002 WL 32096592 at *4.

Plaintiff is an importer and distributor of Italian foods and Puglisi is an Italian pasta manufacturer. Defendants moved for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, as to: Rienzi's breach of fiduciary duty and breach of joint venture claims, two of Rienzi's breach of contract claims, and Puglisi's counterclaim. Upon due consideration of the record, this Court granted summary judgment in defendants' favor. In its opposition to defendants' motion for summary judgment, Rienzi argued that the Court should deny summary judgment, in part, because the applicable governing law is the United Nations Convention on Contracts for the International Sale of Goods ("CISG"), not New York law. The Court, at the outset of its opinion, reviewed the governing law that is applicable to the case. (Opinion and Order 11-13.) The Court analyzed whether application of the CISG or New York law was appropriate under the case law, as well as the facts of this case, and determined that New York law, not the CISG, governed the resolution of the dispute. (*Id.* at 13.)

In support of its motion for reconsideration, plaintiff claims that reconsideration is warranted because (i) the CISG is the applicable law and (ii) there is a genuine issue of material fact regarding spoiled pasta that affects the outstanding pasta invoices counterclaim.

As for plaintiff's argument that the CISG is the applicable law, that issue was squarely addressed in this Court's previous opinion. While it is clear from plaintiff's papers that it does not agree with this Court's interpretation of *Ho Myung Moolsan, Co. Ltd. v. Manitou Mineral Water, Inc.*, 2010 WL 4892646, at *2 (S.D.N.Y. Dec. 2, 2010), plaintiff has not presented any intervening change in law or pointed to something that the Court has overlooked. There is little case law interpreting the CISG, and the Court is not aware of any controlling case considering application of the CISG that addresses post-contract actions, particularly, the parties' actions during the course of litigation. All of the cases cited by plaintiff in support of its contention that this Court improperly applied New York law are not controlling and deal with whether the CISG should apply based on the contractual language of the parties. (Pl.'s Mot. for Recon. 7-8 (citing cases from other circuits and districts and where the courts analyzed the contract language for consent).) This Court did not need to analyze further the language of the parties' contracts to determine whether the parties expressly opted out of the CISG because the decision was based on the parties' conduct during the six-year course of this litigation. (Opinion and Order 11 ("It is unnecessary for the Court to delve into whether the alleged contracts at issue in this case are the kinds of contracts subject to the CISG as the history of this litigation is dispositive of this issue.").)

Similar to the facts in *Ho Myung Moolsan*, throughout the case, up until summary judgment motions were filed, plaintiff relied on New York law. This is true not only for the pleadings, which refer to doctrines of law that are not applicable under the CISG, but also during the pre-trial conference. In fact, even during the brief period during the conference where counsel referred to anything other than New York law, he referred to Italian law, not the CISG. (Pl.'s Mot. for Recon. 10.) While in *Ho Myung Moolsan* the pleadings included the words

"under state law," the same principles and concerns are relevant here. 2010 WL 4892646, at *2 (emphasizing the length of time that passed during the course of litigation and that bringing up the CISG after the close of discovery would cause undue prejudice to defendant).

Had plaintiff intended to take advantage of the CISG it would have referenced the CISG at some point prior to opposition to summary judgment. This is particularly true since the CISG does not have a parole evidence rule or Statute of Frauds, which affects the outcome if this case. To change course now, after the defendants have relied on New York law through the close of discovery and up until opposition of the summary judgment motion, would be prejudicial to defendants. Defendants cannot be expected to alter course on the eve of trial because plaintiff now realizes that a different law is more favorable to its position. That is gamesmanship at its worst.

Ultimately, for purposes of its motion for reconsideration, plaintiff has failed to point to any controlling law that was overlooked by this Court in its original decision. Motions for reconsideration are not the proper forum to obtain a "second bite at the apple." *Tsitrin v. Vitaliano*, 2013 WL 4069527, *2 (E.D.N.Y. Aug. 12, 2013) (internal quotations omitted). "Of importance, a motion for reconsideration is not an opportunity for litigants to reargue their previous position . . . ." *Intelligent Digital Sys., LLC v. Beazley Ins. Co.*, -- F. Supp. 2d --, 2013 WL 3356051, *5 (E.D.N.Y. Jul. 3, 2013).

As for plaintiff's argument that there is a material issue of fact that precludes summary judgment on the counterclaim, plaintiff failed to raise this issue in its opposition to the summary judgment motion. Plaintiff's argument in its original opposition regarding the counterclaim was one paragraph long and only addressed the applicability of the CISG and the offset for legal fees. (Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss and for Partial

Summary Judgment 25, Doc. Entry No. 68.) There was no mention in its memorandum of law that pasta spoliation must be considered at the same time as the counterclaim. Notably, plaintiff's third cause of action for breach of contract against Puglisi for shipping spoiled pasta products was not at issue in the summary judgment motion. (Opinion and Order 13 ("Based on the parties' submissions, Rienzi's Third Claim is not at issue in Defendants' motion for summary judgment. Accordingly, this Opinion is limited to the analysis of Rienzi's First, Second, Fourth, and Fifth claims, as well as Puglisi's counterclaim.").)

The only vague mention of this new argument was in the response to defendants' Rule 56.1 Statement, which provided:

> 37. As of September 26, 2007, Rienzi owed Puglisi at least $1,161,401.89. (Ex. U.)
>
> <u>Response</u>: Disputed. The September 26, 2007 number of $1,161,401.89 was a running balance. Because it was an open account, no amount was actually due for payment on that date. That amount was also subject to set offs of over one million in unreimbursed legal fees for the USDOC investigations *and further set off for damaged and spoiled goods which we do not understand is being contested for the purposes of this motion.* Rienzi made regular and period substantial payments to Puglisi. These payments were on open account and there was supposed to be always one to two million in open invoices to be offset against the unreimbursed legal fees. . . .

(Plaintiff's Combined Resp. to Defendants' Statement of Material Facts Pursuant to Local Rule 56.1 and Counter-Statement of Additional Material Facts Defeating Defendants' Motions for Partial Summary Judgment 11, Doc. Entry No. 68-25 (emphasis added).) Plaintiff specifically explained the spoiled goods were not part of the summary judgment motion and failed to argue that this particular issue of fact precluded summary judgment.

Plaintiff cannot now, after losing its summary judgment argument, repackage and relitigate its claims. The Court is mindful of New York precedent that provides an issue of fact

on one claim may preclude summary judgment on a counterclaim where the issues are sufficiently intertwined. *See, e.g.*, *Laish, Ltd. v. Jafora-Tabori, Ltd.*, 2006 WL 270250, *4-5 (E.D.N.Y. Feb. 1, 2006) (quoting *Created Gemstones, Inc. v. Union Carbide Corp.*, 47 N.Y.2d 250, 256-57 (1979)). However, the Court is cognizant that no manifest injustice will occur if the Court denies plaintiff's motion for reconsideration because its spoiled pasta claim can ultimately offset the counterclaim judgment. Additionally, it is well established that a motion for reconsideration is not the appropriate place to present new theories and arguments. *See, e.g.*, *Intelligent Digital Sys.*, 2013 WL 3356051, at *5 ("[A] motion for reconsideration is not an opportunity for litigants to . . . present new or alternative theories that they failed to set forth in connection with the underlying motion."); *see also Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*, 888 F. Supp. 2d 478, 486-87 (S.D.N.Y. 2012) (explaining party's failure to sufficiently explain Rule 56.1 statement due to page constraints in motion was not sufficient grounds to allow new materials on motion for reconsideration because parties are always under constraints and make tactical decisions about arguments).

Since plaintiff's cause of action related to spoiled pasta products is still pending and damages, if any, can reduce the overall judgment awarded to Puglisi pursuant to Federal Rule of Civil Procedure 54(b), this Court's decision regarding summary judgment on the counterclaim remains intact. Plaintiff has failed to provide any information the Court overlooked that was previously provided and there is no clear error or manifest injustice, therefore this motion for reconsideration is denied.

The granting of reconsideration is discretionary and under these circumstances the Court declines to grant reconsideration.

## **CONCLUSION**

For the reasons set forth above, plaintiff's motion for reconsideration is denied.

SO ORDERED.

Dated: Brooklyn, New York
March 27, 2014

                                                          /s/
                                    DORA L. IRIZARRY
                              United States District Judge