UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
RIENZI & SONS, INC.,                              :
                                                  :
      Plaintiff, Counterclaim-Defendant,   :
                                                  :    **MEMORANDUM AND ORDER**
              -against-               :    08-CV-2540 (DLI) (RLM)
                                                  :
N. PUGLISI & F. INDUSTRIA PASTE                   :
ALIMENTARI S.P.A. and FRANCESCO PULEJO,           :
                                                  :
      Defendants, Counterclaim-Plaintiffs.     :
------------------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

The issue before the Court is whether entry of judgment is appropriate where a defendant has consented to judgment for all the relief the plaintiff seeks at trial, but the plaintiff insists upon a trial. This opinion is issued for the benefit of the parties. As such, familiarity with the underlying facts and procedural posture of the case is assumed.[1]

### BACKGROUND

On May 27, 2008, Rienzi & Sons, Inc. ("Rienzi" or "Plaintiff") filed the instant action against defendants N. Puglisi & F. Industria Paste Alimentari S.p.A. ("Puglisi") and Francesco Pulejo ("Pulejo") (collectively, "Defendants") by filing a summons and complaint in New York State Supreme Court, Queens County. On June 25, 2008, Defendants removed the action to this Court. Defendants filed an answer and asserted a counterclaim against Rienzi for breach of contract. Rienzi amended its complaint to assert one claim for breach of fiduciary duty, three claims for breach of contract, and one claim for breach of joint venture. Defendants' answer to the Amended Complaint denied Plaintiff's claims and re-asserted Puglisi's counterclaim against Rienzi for breach of contract ("Counterclaim").

---

[1] The facts and circumstances of this case are described in greater detail in the Court's Opinion and Order dated May 16, 2013 granting defendants' motion for partial summary judgment. *See* Docket Entry No. 75.

In September 2011, Defendants moved for summary judgment as to the First, Second, Fourth and Fifth Causes of Action asserted by Rienzi, and for summary judgment as to Puglisi's Counterclaim for payment of €898,410.06 for unpaid pasta invoices. Rienzi's Third Claim was not at issue in Defendants' motion for summary judgment. On May 16, 2013, the Court issued an Opinion and Order ("Order") granting Defendants' motion in its entirety. Rienzi moved for reconsideration, and, on March 27, 2014, the Court issued a summary order denying Rienzi's motion for reconsideration.

| Parties' Claims and Summary Judgment ("SJ") ||
|---|---|
| Rienzi's Claims | Defendants' Counterclaims |
| (1) Breach of fiduciary duty (against Defendants for delaying and ultimately ceasing pasta shipments) – SJ granted to Defendant | (1) Breach of contract (for unpaid pasta invoices) – SJ granted to Defendant |
| (2) Breach of contract (against Puglisi for delaying and ultimately ceasing pasta shipments) – SJ granted to Defendant | |
| (3) Breach of contract (against Puglisi for shipping spoiled pasta products) – Defendants did not move for SJ (this is the claim set for trial) | |
| (4) Breach of contract (against Puglisi for failure to repay Rienzi the full amount of legal fees Rienzi advanced once their relationship ended) – SJ granted to Defendant | |
| (5) Breach of joint venture (against Puglisi for failing to reimburse those same legal fees) – SJ granted to Defendant | |

On September 3, 2014, Puglisi wrote to the Court noting that, in light of the Order, the only claim remaining to be tried in this matter is Rienzi's Third Cause of Action, which alleges

2

that Rienzi suffered $126,200 in damages when Puglisi allegedly delivered spoiled pasta. Puglisi, to avoid the time and expense of a trial on that lone claim, is willing to stipulate to the entry of a judgment ("Proposed Judgment") in which Puglisi's damages on its Counterclaim are offset by the full amount of the damages that Rienzi seeks in its Third Cause of Action. (*See* Letter from Puglisi ("Puglisi Letter"), Docket Entry No. 90.) In other words, Puglisi desires to stipulate to all of the relief that Rienzi seeks in its Third Cause of Action.

Rienzi opposes the Proposed Judgment because: (1) Puglisi's letter is procedurally defective, because Puglisi should have formulated it as a Fed. R. Civ. P. 68 offer,[2] or some other formal motion, as opposed to a stipulation; (2) the Proposed Judgment provides Puglisi the right to withdraw its participation; (3) Puglisi is not entitled to any interest; (4) Puglisi uses an improper conversion rate; and (5) Puglisi ignores the judgment day rule. (*See* Letter from Rienzi ("Rienzi Letter"), Docket Entry No. 91.) The Court does not find any of these arguments to be persuasive. Puglisi's reply asserts that there is no formal procedure necessary in order for the Court to enter judgment in this context and Rienzi's additional arguments are wholly without merit. (*See* Puglisi Reply Letter ("Puglisi Reply"), Docket Entry No. 92.) Oral argument on Puglisi's motion was held before the Court on February 13, 2015.

## DISCUSSION

### I. Puglisi's Proposed Judgment is Not Procedurally Improper

There is no requirement that Puglisi make its motion pursuant to Rule 68 or any other Federal Rule of Civil Procedure. In *ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, the Second Circuit held that, where a defendant consents to the entry of judgment awarding

---

[2] Fed. R. Civ. P. 68 provides, "Making an Offer; Judgment on an Accepted Offer. At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment."

plaintiff the entirety of the relief that the plaintiff could win at trial, it is appropriate for the court to enter judgment in that amount against the defendant, even where the plaintiff insists upon a trial. *See* 485 F.3d 85, 93-94 (2d Cir. 2007) ("Where a defendant has consented to judgment for all the relief the plaintiff can win at trial (according to the trial court's determination), the defendant's refusal to admit fault does not justify a trial to settle questions which can have no effect on the judgment."). In *ABN Amro*, the plaintiff's suit was only for money damages and the district court had ruled as a matter of law that the plaintiff could not recover more than a certain amount from each defendant. When each defendant tendered that amount, the district court held that nothing of significance remained to adjudicate. The Second Circuit thus found that the district court had correctly rejected plaintiff's claim that the court should have mandated trial on an issue that had no practical consequence. Similarly, in *Husain v. Springer*, 691 F. Supp. 2d 339, 341-43 (E.D.N.Y. 2009), the court applied *ABN Amro* and granted the defendant's motion for entry of judgment against herself. The district court agreed with defendant's argument that entry of judgment was appropriate, even without a concession of liability on her part, as her payment of nominal damages would satisfy the single remaining claim of every plaintiff in its entirety.

Moreover, the *Husain* court concluded that a party stipulating to a judgment need not use any specific procedure. The court noted that, "the issue is academic; when a defendant has clearly given formal consent to the entry of judgment against herself, the precise form of her request is irrelevant. There is no dispute here that defendant consents to a court order awarding plaintiffs'' nominal damages." *Id.* at 341 (internal citation and quotation marks omitted). Here, Rienzi does not identify any monetary or equitable relief that is seeks from this Court beyond the $126,200 to which Puglisi has stipulated in the Proposed Judgment. Consequently, there is no

4

dispute that Puglisi has consented to the entry of a judgment that awards Rienzi all of the relief that Rienzi seeks, and the procedural approach is not determinative. Accordingly, Puglisi's request for entry of the Proposed Judgment is proper.

## II. Puglisi's Proposed Judgment Appropriately Retains the Right to Withdraw

Rienzi objects to the Proposed Judgment's reservation of Puglisi's right to withdraw the stipulation in the unlikely event there is a trial in this matter. (Rienzi Letter at 1.) The Proposed Judgment provides: "That, if this court or any appellate court subsequently determines that Plaintiff/Counterclaim-Defendant Rienzi & Sons, Inc. is entitled to adjudication by trial of any issue in this action, Defendant/ Counterclaim-Plaintiff N. Puglisi & F. Industria Paste Alimentari S.p.A. retains and preserves any and all rights to contest liability and damages." (Proposed Judgment at 3.) Puglisi took this language directly from the judgment entered in *Husain* and Rienzi has provided no reason why it is improper. *See Husain*, 691 F. Supp. 2d at 344. Accordingly, this language is permissible. Moreover, as Puglisi properly does not admit liability in the Proposed Judgment (nor does it have to (see section I above)), it would be unfair to Puglisi to prevent it from contesting liability and damages if ordered to trial by some other tribunal on the remaining claim, while permitting Plaintiff to prosecute it fully.

## III. Puglisi is Entitled to Interest

Rienzi's argument that Puglisi is not entitled to any interest lacks merit and borders on frivolous. (*See* Rienzi Letter at 2.) For context, the Proposed Judgment awards Puglisi €898,410.06, the amount that the Court awarded to Puglisi in the Order, and also awards Puglisi interest through September 5, 2014.[3] (Proposed Judgment at 2.) Puglisi contends that the first sixty invoices underlying the Counterclaim provide for payment within sixty days; the final six

---

[3] The Court assumes Puglisi selected this date as the anticipated date of judgment. The appropriate amount of interest shall be calculated from the date the judgment is entered.

5

invoices provide for payment within ninety days. (Puglisi Letter at 2.) Therefore, interest on the amount of each of the first sixty unpaid invoices is calculated from a date sixty days after the date of the invoice, and interest on the final six invoices is calculated from a date ninety days after the date of the invoice, all at the New York statutory rate of 9% per annum. (Proposed Judgment at 2.) The Proposed Judgment also awards Rienzi $126,200, the amount claimed in its amended complaint, and interest through September 5, 2014, calculated to run from the first day on which Rienzi informed Puglisi of allegedly spoiled and/or infested pasta, October 8, 2007, at the New York statutory rate of 9% per annum. (*See id.* at 3; Puglisi Letter at 2-3.)

In defense of its argument that Puglisi is not entitled to any interest, Rienzi points to a May 25, 2007 Agreement ("Settlement") the companies signed concerning the legal fees incurred as a result of various customs investigations. (Rienzi Letter at 2.) This agreement was executed to resolve Rienzi's claim against Puglisi for attorney fees incurred as a result of these customs investigations. (*See* Order at 7.) In the Settlement, Puglisi excused $1,005,000 of outstanding pasta invoices that previously had been issued to Rienzi and, in exchange, Rienzi waived Rienzi's claims against Puglisi for legal fees incurred in connection with the investigations. (*See* Rienzi Letter, Exhibit A.) In its Order, the Court held that the release clause in the Settlement barred Rienzi's Fourth Claim for breach of contract regarding legal fees. (Order at 23.) Now, Rienzi argues that the language in the Settlement stating that the parties waive claims "regarding all the related or resulting financial charges or those which in any case can make reference to the facts stated above" constitutes a waiver of Puglisi's right to prejudgment interest. (Rienzi Letter at 2.)

As Puglisi notes, this argument is meritless both legally and factually. (Puglisi Reply at 2-3.) First, it is black letter law that a release's "meaning and coverage necessarily depend . . .

upon the controversy being settled and upon the purpose for which the release was actually given" and that "a release may not be read to cover matters which the parties did not desire or intend to dispose of." *Cahill v. Regan*, 5 N.Y.2d 292, 299 (1959). Second, it would not make sense for the Settlement to have any impact on future invoices or interest incurred in connection with future invoices: the Settlement explicitly states that Puglisi is paying Rienzi only $1,005,000, and then proceeds to identify precisely $1,005,000 of Rienzi pasta invoices that were excused by Rienzi. (*See* Rienzi Letter, Exhibit A.) Lastly, none of the invoices identified in the Settlement are at issue here. In fact, all of the invoices at issue in this case post-date the Settlement, with the earliest dated July 26, 2007, almost two months after the Settlement was signed. (*See* Puglisi Letter, Exhibit B.) There is no basis for reading the Settlement as a waiver of prejudgment interest on all future disputes between the parties. Accordingly, Puglisi's formulation of prejudgment interest in the Proposed Judgment is reasonable and supported by both the facts and the law.

## IV. The Applicable Conversion Rate is Subject to the Judgment Day Rule

Rienzi argues that the Settlement constitutes an agreement by the parties to use a fixed exchange rate of $1.05 to €1.00 in all of their future dealings. As Puglisi accurately states, this argument is clearly incorrect, as the exchange rate utilized in the Settlement was limited to the invoices being paid and excused in the Settlement. (Puglisi Reply at 3.) Puglisi further clarified at oral argument on the instant motion, that the exchange rate applies only to the amount of damages this Court ruled Puglisi is entitled to, and is the rate in effect as of May 16, 2013, the date of this Court's Order. Puglisi further clarified that the $126,200 in damages to be paid to Plaintiff under Claim Three is already in U.S. currency and is not subject to the exchange rate.

Rienzi argues, in the alternative, that the Court should apply the "judgment-day rule" and use the Euro-Dollar exchange rate on the date that the judgment is issued in order to convert the Euro-denominated debt into a Dollar-denominated judgment. (Rienzi Letter at 3.) In doing so, a judgment is entered in a foreign currency, here Euros, and then converted on the date that judgment is entered. *See La Suisse, Societe D'Assurances Sur La Vie v. Kraus*, 2014 WL 3610890, at *11 (S.D.N.Y. July 21, 2014). Oddly enough, Rienzi contends that this presents issues given the parties' use of different currencies, and that, in order to resolve this discrepancy, Rienzi's claim first must be liquidated, at trial, and then converted to Euros, then subtracted from the amounts found to be owing to Puglisi, if any, and then the judgment rendered in Euros. (Rienzi Letter at 3.) Rienzi provides no case law to support this position. As Puglisi argues, Rienzi's conclusion is incorrect and the applicable law requires that the Court use the applicable exchange rate on the day provided for in the judgment to wit May 16, 2013.

More specifically, "[i]t is well settled that a money judgment by an American court must be in American currency." *La Suisee, Societe D'Assurances Sur La Vie*, 2014 WL 3610890 at *11 (internal quotation marks omitted). This Court has already held that New York law governs Puglisi's counterclaim. (Order at 29.) Where the claim is governed by New York law, currency conversion is also governed by New York law. *See Society of Lloyd's v. Edelman*, 2004 U.S. Dist. LEXIS 15577, at *2 (S.D.N.Y. Aug. 9, 2004) ("As a federal court sitting in diversity, we must apply the currency-conversion rule employed by the courts of New York."). Under New York law, the Court must use the applicable exchange rate that is "prevailing on the date of entry of the judgment or decree." N.Y. Judiciary Law § 27(b); *see also Society of Lloyd's*, 2004 U.S. Dist. LEXIS 15577, at *2. The Court may take judicial notice of the prevailing exchange rates listed in daily news publications. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a

fact that is not subject to reasonable dispute because it . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see, e.g.*, *Cagan v. Gadman*, 2012 WL 5422270, at *7 n.3 (E.D.N.Y. Oct. 31, 2012).

Accordingly, Puglisi's request that the Court enter judgment in which Puglisi's damages on its Counterclaim are offset by the full amount of the damages that Rienzi seeks in its Third Cause of Action is both reasonable, an efficient use of judicial and party resources, and supported by governing law.

## CONCLUSION

For the foregoing reasons, Puglisi's motion for the entry of judgment on the remaining claim and dispensing with trial is granted. At the pretrial conference held on February 13, 2015, the Court directed the parties to submit a proposed judgment to the Court for its endorsement on February 17, 2015, which was done.


SO ORDERED.

DATED: Brooklyn, New York
         February 18, 2015

                                                                _____/s/_____

                                                              DORA L. IRIZARRY
                                                   United States District Judge