**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**RIENZI & SONS, INC.,**

                     **Plaintiff,**　　　　**MEMORANDUM AND ORDER**

         **-against-**　　　　　　　　　**08-CV-2540 (DLI)**

**N. PUGLISI & F. INDUSTRIA PASTE
ALIMENTARI S.P.A.,**

                     **Defendant.**
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

In a letter-motion filed this past Monday evening, defendant/counterclaim plaintiff N. Puglisi & F. Industria Paste Alimentari S.P.A. ("Puglisi") moved to compel plaintiff/counterclaim defendant Rienzi & Sons, Inc. ("Rienzi"), and its principal, Michael Rienzi (a non-party), to comply with three discovery demands served on February 17, 2015, after the Honorable Dora L. Irizzary, the district judge presiding over this case, entered judgment against Rienzi in the amount of $1,687,342.56. See First Motion to Compel (Mar. 2, 2015) ("Puglisi Mot."), Electronic Case Filing ("ECF") Docket Entry ("DE") #98; see also Judgment (Feb. 17, 2015), DE #96. The discovery sought by Puglisi is reportedly relevant to the satisfaction of the judgment. Puglisi argues that, contrary to Rienzi's contention, the automatic fourteen-day stay triggered by Rule 62(a) of the Federal Rules of Civil Procedure does not apply to post-judgment discovery. See Puglisi Mot. at 2-3 (collecting cases). In any event, Puglisi observes, that fourteen-day period expired no later than March 3, 2015. See id. at 3. Puglisi therefore has requested an order compelling responses to the discovery demands by today (March 4) and the scheduling of a contempt hearing. See id.

Yesterday evening, Rienzi filed a letter opposing Puglisi's motion.  See Reply in Opposition (Mar. 3, 2015) ("Rienzi Opp."), DE #99.  Rienzi counters that the discovery demands were in fact stayed under Rule 62(a), see Rienzi Opp. at 2-3 (collecting cases), and that the matter has now been stayed pursuant to 11 U.S.C. § 362, on account of Rienzi's filing last night of a voluntary Chapter 11 bankruptcy petition in this district.  See Rienzi Opp. at 5.

The Court declines to render an advisory opinion on the parties' dispute as to the applicability of Rule 62(a).  That dispute has been rendered academic by two separate intervening events:  the expiration of the fourteen-day stay under Rule 62(a), and the commencement of the automatic bankruptcy stay under 11 U.S.C. § 362.

In light of the bankruptcy stay, Puglisi's motion to compel is denied without prejudice.

**SO ORDERED.**

Dated: Brooklyn, New York
March 4, 2015

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**